UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:26-cv-00299-JDE | Date | April 16, 2026 |
|---|---|---|---|
| Title | Rafek Tamer v. Trane U.S. Inc., et. al. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|

| Amber Rodriguez | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:**     (In Chambers) Order Granting Motion to Remand (Dkt. 12) and Remanding the Action to State Court [JS-6]

## I.
## INTRODUCTION

On December 8, 2025, Rafek Tamer ("Plaintiff") filed a Complaint in the Orange County Superior Court against Trane U.S. Inc. ("Trane" or "Defendant") and Louise Rasmussen ("Rasmussen") (collectively, "Defendants") asserting claims for Sex/Gender Discrimination under the California Fair Employment and Housing Act ("FEHA"); Pregnancy-Based Associational Discrimination under FEHA; Retaliation under FEHA; Failure to Take All Reasonable Steps to Prevent Discrimination and Retaliation; Wrongful Termination in Violation of Public Policy; and Failure to Re-Hire against Trane and one claim for Intentional Infliction of Emotional Distress against both Trane and Rasmussen. See, Dkt. 1-2 ("Complaint").

Plaintiff alleges he worked for Trane from February 2023 to October 14, 2025, when he was terminated. Complaint ¶¶ 15, 22. He claims that in September 2025, he informed Rasmussen that his wife was pregnant and asked for information about how to apply for parental leave. Id. ¶ 18. He alleges that when Rasmussen failed to respond, he "followed-up" and this time Rasmussen passed on the information about how to apply for such leave. Id. ¶ 18. Roughly two weeks later, on October 14, 2025, Defendant terminated him; Plaintiff avers that although he was told it was due to budget cuts, he claims that is a "pretext" and the real reason was discrimination due to his sex and his parental leave request, because the leave request "deviated from Defendant's view of the male role in society and the workplace." Id. ¶¶ 17, 20. Plaintiff alleges that in response, he contacted Rasmussen to complain about the termination and request rehiring, but, according to Plaintiff, Rasmussen "lie[d]" and advised she had just learned of Plaintiff's leave request that day, even though he had advised her of his intent to take leave weeks earlier. Id. ¶ 21. Plaintiff alleges that Rasmussen was "well aware" of his leave request, that he was being

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:26-cv-00299-JDE | Date | April 16, 2026 |
|---|---|---|---|
| Title | Rafek Tamer v. Trane U.S. Inc., et. al. | | |

terminated "right before the birth of his child," and by trying to "cover up that she knew of the leave well in advance"—part of an effort to "absolve herself and [Trane] from liability"—at Plaintiff's expense, she intentionally inflicted emotional distress on him. Id.

On February 9, 2026, Defendants filed a Notice of Removal based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, 1446, alleging "complete diversity of citizenship exists and the amount in controversy exceeds $75,000." Dkt. 1.

On March 11, 2026, Plaintiff filed a Motion to Remand, arguing Defendants failed to meet their burden on removal to show: (1) the amount in controversy exceeds $75,000; and (2) there was complete diversity among the parties, as Rasmussen and Plaintiff are both domiciled in California. Dkt. 12 ("Motion"). Defendants filed an opposition to the Motion on March 26, 2026, arguing the amount in controversy exceeds $75,000 and the doctrine of fraudulent joinder applies to the claim against Rasmussen, making her domicile irrelevant for diversity purposes. Dkt. 13 ("Opposition" or "Opp."). Plaintiff filed a reply on April 2, 2026. Dkt. 14. The Motion is now fully briefed.

Having previously found that the Motion may appropriately be decided without oral argument, the Court now rules as follows.

## II.
## RELEVANT LAW

"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction." Peralta v. Hisp. Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005). "For a federal court to exercise diversity jurisdiction under § 1332(a), the amount in controversy must exceed $75,000, and the parties must be citizens of different states." Rainero v. Archon Corp., 844 F.3d 832, 839 (9th Cir. 2016); see also 28 U.S.C. § 1332(a).

"In determining whether there is complete diversity [for diversity jurisdiction under 28 U.S.C. § 1332(a)], district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." Grancare, LLC v. Thrower ex rel. Mills, 889 F.3d 543, 548 (9th Cir. 2018). Fraudulent joinder may be shown "[i]f the plaintiff fails to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:26-cv-00299-JDE | Date | April 16, 2026 |
|---|---|---|---|
| Title | Rafek Tamer v. Trane U.S. Inc., et. al. | | |

state a cause of action against [the] resident defendant, and the failure is obvious according to the settled rules of the state.'" <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th Cir. 2001) (alteration in original) (citation omitted). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" <u>Grancare</u>, 889 F.3d at 548 (alteration in original) (citation omitted). "[I]f there is a <u>possibility</u> that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." <u>Id.</u> (citation omitted).

Further, even if the causes of action assessed fails to state a claim, "the fraudulent [joinder] inquiry does not end there. For example, the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." <u>Grancare</u>, 889 F.3d at 552; <u>see also</u> <u>Corona v. Quad Graphics Printing Corp.</u>, 218 F. Supp. 3d 1068, 1072 (C.D. Cal. 2016) ("'Even where presently deficiently pled, where Plaintiffs may amend that claim to cure any arguable defects, it may not be said that it is impossible for them to state a claim against [a non-diverse defendant].'") (quoting <u>Munoz v. Lab. Corp. of Am.</u>, 2015 WL 4507104 (C.D. Cal. July 23, 2015)); <u>Rangel v. Bridgestone Retail Operations, LLC</u>, 200 F. Supp. 3d 1024, 1034 (C.D. Cal. 2016) ("If there is a possibility that the plaintiff could amend his pleading to state a cause of action against the allegedly sham defendant, then remand is warranted."); <u>Hernandez v. Ignite Restaurant Grp., Inc.</u>, 917 F. Supp. 2d 1086, 1090 (E.D. Cal. 2013) ("[R]emand must be granted unless Ignite demonstrates that Plaintiff 'would not be afforded leave to amend [her] complaint to cure [the] purported deficiency.' ") (quoting <u>Burris v. AT & T Wireless, Inc.</u>, 2006 WL 2038040, *2 (N.D. Cal. July 19, 2006)).

**III.**
**DISCUSSION**

Plaintiff and Rasmussen are each citizens of California for diversity purposes. As such, unless the doctrine of fraudulent joinder applies, the action must be remanded.

As noted, Plaintiff asserts several claims for discrimination under the FEHA. He claims that although he was told he was terminated under the pretext of budget cuts, the real reason was that he had informed Trane that he would be taking paternity leave. <u>Id.</u> ¶ 20. He avers that he informed Rasmussen weeks before his termination that his wife was pregnant and he asked for information about how to apply for parental leave. <u>Id.</u> ¶ 18. He alleges that when Rasmussen failed to respond, he "followed-up" and this time Rasmussen passed on the information about how to apply for such leave. <u>Id.</u> ¶ 18. Roughly two weeks

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:26-cv-00299-JDE | Date | April 16, 2026 |
|---|---|---|---|
| Title | Rafek Tamer v. Trane U.S. Inc., et. al. | | |

later, Defendant terminated Plaintiff. Id. ¶ 20. Plaintiff alleges that in response, he contacted Rasmussen to complain about the termination and request rehiring, but, according to Plaintiff, Rasmussen "lie[d]" and advised she had just learned of Plaintiff's leave request that day, even though he had advised Rasmussen of his intent to take leave weeks earlier. Id. ¶ 21. Plaintiff alleges that Rasmussen was "well aware" of his leave request, that he was being terminated "right before the birth of his child," and by trying to "cover up that she knew of the leave well in advance," she intentionally inflicted emotional distress. Id.

To state a claim for intentional infliction of emotional distress ("IIED") under California law, a plaintiff must allege (1) extreme and outrageous conduct by the defendant performed with the intention of causing, or reckless disregard for the probability of causing, emotional distress to the plaintiff, (2) severe or extreme emotional distress in the plaintiff, and (3) actual and proximate causation of the plaintiff's emotional distress by the defendant's outrageous conduct. See Hughes v. Pair (2009) 46 Cal. 4th 1035, 1050 (2009).

In support of its fraudulent joinder argument, Defendants argue Plaintiff's IIED claim against Rasmussen involves only "ordinary employment actions" and as such "cannot support an IIED claim against a co-worker because: (i) acts in the employment context do not constitute 'outrageous conduct' . . . and (ii) such actions are encompassed by the Workers Compensation Act (which preempts any civil claim). Opp. at 15. As set forth below, the Court disagrees.

As to Defendants' argument that the IIED claim against Rasmussen is barred by the Worker's Compensation Act ("WCA"), courts in this district have rejected such arguments when the underlying employment action involved claims of discrimination, including discrimination based on refusal to provide required leave. For example, in DePeralta v. Fox Restaurant Concepts, LLC, 2018 WL 748287, at *3-4 (C.D. Cal. Feb. 6, 2018), the Court found that a complaint alleging IIED based on allegations of discriminatory conduct, specifically, alleged termination due to an employee's need to take disability leave. Id. at *3. The plaintiff in DePeralta alleged that he told a supervisor that he was injured and advised he would be temporarily unable to perform his current duties but could still perform other duties; in response, the supervisor terminated him due to his injury. Id. at *1, 3. The Court found such allegations, although "scant," sufficiently alleged "discriminatory conduct" so as "to remove the IIED claim from the WCA's preemptive effect because they imply disability discrimination: 'that [Plaintiff's] termination was the product of discrimination on the basis of his disability." Id. at *4 (quoting Charles v. ADT Sec. Servs., 2009 WL 5184454, at *3 (C.D. Cal. Dec. 21, 2009) and citing Barsell v. Urban Outfitters,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:26-cv-00299-JDE | Date | April 16, 2026 |
|---|---|---|---|
| Title | Rafek Tamer v. Trane U.S. Inc., et. al. | | |

Inc., 2009 WL 1916495, at *4 (C.D. Cal. July 1, 2009) ("Because this claim is based on allegations of disability discrimination, there is a non-fanciful possibility that the workers' compensation exclusivity provisions do not bar [the plaintiff's] claim against [the defendant].")). Thus, the Court noted: "Merely being terminated is not outside the normal working experience. However, courts have found that 'IIED claims are not preempted by the [WCA] when they involve separate discrimination claims, *such as allegations that an employer discriminated against the plaintiff by refusing to provide medical leave for a disability*.'" Id. (quoting Vanderhule v. Amerisource Bergen Drug Corp., 2017 WL 168911, at *4 (C.D. Cal. Jan. 17, 2017) (emphasis added). Thus, the Court found, for purposes of assessing fraudulent joinder, the WCA did not bar the Plaintiff's IIED claim. Fewer than two months ago, another court in this district similarly rejected a claim that a workplace IIED claim was barred by the WCA for purposes of assessing fraudulent joinder, finding that, although the allegations were "thin, in light of the 'strong presumption' against removal jurisdiction," allegations of a retaliatory termination following a request for disability leave could, at a minimum, be amended to alleged discriminatory, retaliatory, or harassing behavior outside the normal employment context. Camarillo v. Matrix North America Construction, Inc., 2026 WL 517960, at *4-5 (C.D. Cal. Feb. 24, 2026); see also Saunders v. Sally Beauty Supply LLC, 2020 WL 1847620 (C.D. Cal. Apr. 10, 2020) (noting the "lack of certainty in the law on the subject," finding allegations that have "at least some suggestion that" the plaintiff "believes" that the individual defendant's "treatment" of the plaintiff "had a basis in discrimination" was sufficient to remove an IIED claim from the WCA bar for purposes assessing fraudulent joinder). The Court finds that, while Plaintiff's allegations here are "scant" and "thin," Defendants have not met their "heavy burden" to show that Plaintiff has not and could not state an IIED claim sufficient to avoid the WCA bar, based on Plaintiff's allegations of discrimination and the allegations that Rasmussen acted to "cover up" that discrimination by lying about Plaintiff's request for leave before his termination.

Defendants' alternative argument in support of fraudulent joinder is that regardless of the WCA bar, Plaintiff has not and cannot state a claim for IIED for "routine personnel decisions." The Court agrees that Plaintiff's IIED claim against Rasmussen is not particularly strong as pled. However, considering the "strong presumption" against removal, the Court finds Defendants have not met their burden, by clear and convincing evidence, to show Plaintiff could not allege a viable claim for IIED here. See Camarillo, 2026 WL 517960, at * 5 (finding defendants "fail to establish by clear and convincing evidence" that the individual defendant was fraudulently joined via an IIED claim because it was not shown the plaintiff could not amend the complaint to allege an IIED claim); De Peralta, 2018 WL 748287, at *5; (granting a motion to remand, rejecting a claim of

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:26-cv-00299-JDE | Date | April 16, 2026 |
|---|---|---|---|
| Title | Rafek Tamer v. Trane U.S. Inc., et. al. | | |

fraudulent joinder, concluding, "Although Plaintiff's IIED claim is weak as currently pleaded, it might be improved through amendment" and there is a 'non-fanciful possibility that a state court would conclude' a plausible claim is stated) (quoting <u>Barsell</u>, 2009 WL 1916495, at *9).

Accordingly, the Court finds Defendants have not met their burden to show fraudulent joinder. As Plaintiff and Rasmussen are both citizens of California, complete diversity is lacking and the Court therefore lacks subject matter jurisdiction over the matter. The Motion (Dkt. 12) must be granted and the case remanded to the Orange County Superior Court.

## IV.
## CONCLUSION

Plaintiff's Motion to Remand (Dkt. 12) is GRANTED. This action is hereby REMANDED to the Orange County Superior Court. [JS-6]

IT IS SO ORDERED.

| Initials of Courtroom Deputy | ARO |
|---|---|